In the Matter of EWALD G. MENZEL, an Attorney, Respondent.

First Department, December 1, 1922.

Attorney and client — disciplinary proceedings — attorney failed to pay over money collected for client — payment after disciplinary proceedings instituted is no defense — attorney suspended for six months.

It is no defense to disciplinary proceedings instituted against an attorney based on his willful neglect and refusal to pay over money collected by him for a client that he paid over the money after the proceedings were instituted.

An attorney who was employed to collect a judgment for an agreed fee of ten per cent thereof, who failed to pay over to his client the money collected, should be suspended from practice for six months.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie* of counsel, for the petitioner.

*O'Gorman, Battle, Vandiver & Levy* [*George Gordon Battle* of counsel], for the respondent.

CLARKE, P. J.:

The respondent was admitted to the bar at the February, 1894, term of the General Term of the Supreme Court, Second Department. The petition charges the respondent with misconduct as an attorney at law as follows: That about May 1, 1920, one Pommerenk recovered a judgment against one Geburr in the Seventh District Municipal Court of the City of New York for the sum of about three hundred and seventy dollars, which sum the judgment debtor subsequently agreed to pay in monthly installments of twenty-five dollars each. Pommerenk thereafter retained the respondent to act as his attorney in the matter of the collection of the installments, and he agreed to collect the same for a contingent fee of ten per cent of the amounts collected. The judgment debtor paid the installments which fell due during the months of Sep-

tember and October, 1920, aggregating the sum of fifty dollars, to the respondent, and he converted the same to his own use. Pommerenk made numerous demands upon the respondent to pay over the moneys collected as aforesaid, but no part thereof had been paid at the time the matter was brought to the attention of the committee on grievances. The respondent has no claim or lien upon the moneys converted except to the extent of ten per cent thereof in accordance with the terms of the agreement made with his client.

The official referee to whom the matter was referred has reported that it appears from the undisputed evidence that the judgment debtor paid the installments due in September and October, 1920, amounting to fifty dollars. It further appears that, after Pommerenk had learned of the collection by the respondent, he sent to the latter many letters demanding payment, and received nothing but promises, which were broken; and that finally, when respondent was requested to appear before the committee on grievances of the Bar Association, he paid the money. There is really no controverted question of fact in this case, and the charges contained in the petition have been established.

The respondent claims that the serious illness and subsequent death of his wife created such a mental disturbance that he should be excused from the failure to promptly pay over the collections which he admits he made. The first two installments which he did collect and pay over were paid during the period of his wife's illness and just after her death. The installments retained were paid some time after her death, and when he seems to have been in financial difficulties. This court has many times held that disciplinary proceedings are not instituted for the purpose of collecting money due to clients, and that the subsequent payment after proceedings were instituted did not wipe out the offense of the conversion of the client's money. We think, however, in view of all the circumstances that suspension for six months will be adequate punishment, with leave to apply for reinstatement at the expiration of that term, upon proof of respondent's compliance with the conditions to be incorporated in the order to be entered hereon.

DOWLING, PAGE, MERRELL and FINCH, JJ., concur.

Respondent suspended for six months. Settle order on notice.